# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

MISSION ABSTRACT DATA L.L.C., :
d/b/a DIGIMEDIA :
    :
      Plaintiff, :
    :
v. : Civ. No. 11-176-LPS
    :
BEASLEY BROADCAST GROUP, INC., :
*et al.* :
    :
      Defendants. :
    :

---

Joseph J. Farnan, III, Esquire, and Brian E. Farnan, Esquire, of FARNAN LLP, Wilmington, Delaware.
Steve W. Berman, Esquire, of HAGENS BERMAN SOBOL SHAPIRO LLP, Seattle, Washington.
Nicholas S. Boebel, Esquire, of HAGENS BERMAN SOBOL SHAPIRO LLP, Minneapolis, Minnesota.

    Attorneys for Plaintiff Mission Abstract Data, L.L.C., d/b/a DigiMedia.

John C. Phillips, Jr., Esquire, Megan C. Haney, Esquire, of PHILLIPS, GOLDMAN & SPENCE, P.A., Wilmington, Delaware.
William E. Bradley, Esquire, of ROYLANCE, ABRAMS, BERDO & GOODMAN, L.L.P., Washington, District of Columbia.

    Attorneys for the Beasley Defendants, the CBS Defendants, and the Greater Media Defendants.

Jack B. Blumenfeld, Esquire, of MORRIS, NICHOLS, ARSHT & TUNNELL, LLP, Wilmington, Delaware.
Bruce T. Wieder, Esquire, and David Long, Esquire, of DOW LOHNES PLLC, Washington, District of Columbia.
Christopher L. Meazell, Esquire, of DOW LOHNES PLLC, Norman, Oklahoma.

    Attorneys for the Cox Defendants.

John C. Phillips, Jr., Esquire, Megan C. Haney, Esquire, of PHILLIPS, GOLDMAN & SPENCE, P.A., Wilmington, Delaware.
William F. Long, Esquire, and Joshua D. Curry, Esquire, of SUTHERLAND ASBILL & BRENNAN LLP, Atlanta, Georgia.

    Attorneys for the Cumulus Defendants.

Melanie K. Sharp, Esquire, of YOUNG, CONAWAY, STARGATT & TAYLOR, LLP, Wilmington, Delaware.
Paul W. Garrity, Esquire, and Robert Friedman, Esquire, of SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, New York, New York.
Mark L. Blake, Esquire, of SHEPPARD, MULLIN, RICHTER & HAMPTON LLP, Costa Mesa, California.
William E. Bradley, Esquire, of ROYLANCE, ABRAMS, BERDO & GOODMAN, L.L.P., Washington, District of Columbia.

    Attorneys for the Entercom Defendants.

---

# MEMORANDUM ORDER

All of the remaining Defendants – the Beasley Defendants, the CBS Defendants, the Cumulus Defendants, the Cox Defendants, the Greater Media Defendants, and the Entercom Defendants (collectively "Defendants") have moved to stay this patent infringement action pending resolution of *ex parte* reexamination proceedings in the United States Patent and Trademark Office ("PTO"). (D.I. 41; D.I. 42) Plaintiff, Mission Abstract Data, L.L.C. ("Mission Abstract"), opposes a stay. (D.I. 56) For the reasons set forth below, the Court **GRANTS** Defendants' motion to stay.

    1.    Mission Abstract initiated this action on March 1, 2011, alleging that Defendants infringe United States Patent Nos. 5,629,867 (the "'867 patent") and 5,809,246 (the "'246 patent"), both entitled "Selection and Retrieval of Music from a Digital Database." (D.I. 1)

    2.    Defendants answered the complaint on May 2, 2011. (D.I. 11; D.I. 13; D.I. 14;

1

D.I. 17; D.I. 19; D.I. 21) Defendants raise various affirmative defenses, including noninfringement, invalidity, laches, waiver, estoppel, and failure to mitigate damages. (*Id.*) They also press counterclaims seeking declarations of noninfringement, invalidity, and that the case is exceptional. (*Id.*)

3. On July 7, 2011, Mission Abstract filed a proposed scheduling order. (D.I. 38)

4. On July 27, 2011, a non-party, Broadcast Electronics, Inc. ("BEI"), filed with the PTO requests for *ex parte* reexaminations of the patents in suit. (D.I. 42 at 4) Specifically, BEI filed requests for *ex parte* reexaminations of the '867 and '246 patents based on six prior art references. (D.I. 43 Ex. C, D) The requests were directed to all ten claims of the '867 patent and all twenty-nine claims of the '246 patent. (*Id.*)

5. Also on July 27, 2011, Defendants filed in the instant action their motion to stay pending the reexamination. (D.I. 41)

6. On July 28, 2011, the Court held a scheduling conference. (D.I. 59) Subsequently, on August 1, 2011, the Court entered a scheduling order. (D.I. 47) Pursuant to the scheduling order, discovery – which is presently at its earliest stages – is to be completed by May 4, 2012, and case-dispositive motions are to be filed by November 2, 2012. (*Id.*) No trial date has been set. (*Id.*)

7. On October 7, 2011, the PTO granted the BEI requests for reexamination and issued Office Actions rejecting claims 1, 2, 4, 6, and 7 of the '867 patent and claims 1-7, 10, 11, 14, 17, 18, 21, 24, and 27 of the '246 patent, all pursuant to 35 U.S.C. §§ 102(b) and 103(a). (D.I. 87 Ex. A, B)

8. The Court heard argument on Defendants' motion on October 27, 2011. (*See*

Transcript ("Tr."))

9. On October 31, 2011, in a post-hearing submission requested by the Court, Mission Abstract stated that it was asserting claims 1, 4, and 5 of the '867 patent and claims 1, 2, and 3 of the '246 patent. (D.I. 87) Except for claim 5 of the '867 patent, all of these asserted claims were rejected in the first Office Actions of October 7, 2011. (D.I. 87 Ex. A, B) In the same submission, Defendants stipulated that if the Court enters a stay, "Defendants will not thereafter raise in this action the same invalidity contentions made before the USPTO by the Requestor [BEI]" in the two pending reexaminations. (D.I. 87)

10. Whether or not to stay litigation pending a PTO reexamination is a matter left to the Court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1998). In exercising this discretion, the Court must weigh the competing interests of the parties and attempt to maintain an even balance. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). The factors courts typically consider in deciding how to exercise this discretion include: (1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *See, e.g., Enhanced Sec. Research, LLC v. Cisco Sys., Inc.*, 2010 WL 2573925, at *3 (D. Del. June 25, 2010). Courts have also referenced undue prejudice or hardship to the movant as a factor to be considered in evaluating a request to stay litigation. *See Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *2 n.2 (D. Del. Dec. 13, 2010) (explaining that failure to articulate clear hardship or inequity is not fatal to motion but weighs against granting stay).

11. The Court first considers whether a stay will simplify the issues and trial of the

3

case.

    a.  This lawsuit involves numerous disputes related to the '867 and '246 patents, not all of which will be resolved in the reexamination. All Defendants dispute infringement and raise invalidity defenses under 35 U.S.C. §§ 101, 102, 103, and 112. (D.I. 11; D.I. 13; D.I. 14; D.I. 17; D.I. 19; D.I. 21) By contrast, the only grounds for invalidity involved in the reexaminations are §§ 102 and 103. (D.I. 87 Ex. A at 9, Ex. B at 6) Defendants also raise defenses of estoppel, laches, and waiver and seek a declaration of non-infringement, none of which will be addressed by the PTO.[1] (D.I. 11; D.I. 13; D.I. 14; D.I. 17; D.I. 19; D.I. 21)

    b.  Defendants do not raise inequitable conduct as a ground for the patents being unenforceable. Moreover, Defendants have stipulated that, if a stay is granted, they will not thereafter raise here the same invalidity contentions presented to the PTO in the reexaminations. (D.I. 87)

    c.  There is a possibility that the asserted claims of the '867 and '246 patents will be either modified or cancelled as a result of reexamination. Five of the six asserted claims were rejected in the initial Office Actions. (*See* D.I. 87) If all or some of the asserted claims are ultimately cancelled, this litigation would be simplified, or potentially even mooted. If all or some of the asserted claims emerge from the reexaminations with modifications, that, too, could narrow the issues for the Court. Moreover, the possibility of such modifications raises the prospect of the parties and the Court investing substantial resources litigating – including especially through the claim construction process – patent claims that will look quite different after the reexaminations.

---

[1]Defendants also seek a declaration of invalidity of the patents-in-suit.

d. On the whole, then, in the circumstances presented here, the simplification of issues factor neither favors nor disfavors a stay. *See Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, 2010 WL 4823393, at *2 (D. Del. Nov. 22, 2010).

12. Both the litigation and the reexamination are in their early stages, and no date for trial has been set. However, the reexamination appears to be moving quickly while relatively few resources appear to have been expended so far on the litigation. This factor favors a stay.

a. Discovery has just begun and will not be complete for another six months. As of the hearing date, the parties had not exchanged any documents or contentions. While the parties put time into negotiating and arguing to the Court their scheduling proposals, and the Court devoted time to resolving scheduling disputes and putting a schedule on its calendar, a date for trial has not been set, and even the deadline for filing case-dispositive motions is nearly a year away. (D.I. 47) Defendants moved for a stay just five months after commencement of this action and immediately after the reexamination requests had been filed, plainly making the motion timely.

b. Even though the reexaminations are also in their early stages, Mission Abstract agreed that the PTO is moving fairly quicky. (Tr. 26) Indeed, the first Office Actions were issued two and one-half months after the requests for reexamination had been filed. (D.I. 87, Ex. A, B) Mission Abstract further agreed that its actions would to some extent determine how quickly the PTO finishes the reexaminations and that it is not unreasonable to conclude that Mission Abstract's cooperation in the reexaminations could result in their completion in about a year from now. (Tr. 26)

13. The Court next considers Defendants' failure to articulate a clear hardship or

inequity if a stay is not granted. While it is true that Defendants did not articulate a clear hardship other than the costs of continued litigation (D.I. 61 at 1-5), this failure is not, by itself, a determinative factor in the analysis. *See Cooper Notification*, 2010 WL 5149351, at *2 ("[C]ircumstances may arise in which the overall balance could be tipped in favor of a stay even if proceeding with the litigation will cause no undue hardship or prejudice to the party seeking a stay.").

14. Finally, granting a stay would not unduly prejudice Mission Abstract nor provide Defendants a clear and unwarranted tactical advantage.

    a. Although the stay will deprive Mission Abstract of its chosen litigation forum, at least for some time, this is not a case in which Defendants have inappropriately "shopped" for another forum and are being given their choice of forum "for no good reason." *Cooper Notification*, 2010 WL 5149351, at *3.[2] While there may have been some coordination among Defendants and BEI (and obviously Defendants at least had knowledge of BEI's intent to seek reexaminations), the fact is that none of Defendants requested reexaminations, and none are parties to the reexaminations. It appears that Mission Abstract's assertion of the patents-in-suit against a substantial number of defendants (including those who are no longer parties) implicated interests of many entities in the radio broadcasting industry, thereby leading to BEI's request for

---

[2] Mission Abstract cites extensively to this Court's *Cooper Notification* decision, which denied a stay. While there are certainly similarities between the cases, there are also many significant differences. Here, unlike in *Cooper Notification*, Plaintiff has not represented that it will not amend its claims in reexamination; Plaintiff (which is a non-practicing entity) does not compete with Defendants; the reexaminations are *ex parte* rather than *inter partes*; and Defendants do not assert unenforceability due to inequitable conduct. Moreover, Defendants are willing to stipulate that they will not raise the same arguments here that are being considered by the PTO.

reexaminations. The reexaminations will proceed regardless of whether the Court stays the instant litigation. *See* 35 U.S.C. §§ 304-306; MPEP §§ 2254, 2286 (IV).

        b.      While there is some risk that the passage of time while the reexaminations proceed will lead to stale evidence, faded memories, and lost documents, in the overall circumstances of this case the risk of prejudice to Mission Abstract's case due to the passage of time is not so great as to warrant denial of a stay.

        c.      Mission Abstract argues that its right to enforce the patents, if a stay is granted, will be hindered because of the "cloud" Defendants and BEI have put over Mission Abstract's patents, which "have essentially been stripped entirely of their licensing value." (Tr. 24-25) But, as Mission Abstract acknowledged, that cloud can be at least largely removed by Mission Abstract prevailing before the PTO, something which could occur more expeditiously, under the circumstances, than a resolution of the instant litigation. Moreover, because the PTO reexaminations will proceed whether or not this case is stayed, the cloud cannot be entirely removed until the reexaminations are concluded.

        d.      Finally, Mission Abstract and Defendants are not direct competitors. In fact, Mission Abstract is a non-practicing entity, which does not manufacture or sell the products covered by the patents in suit and seeks to collect licensing fees. (D.I. 43 Ex. E) The relationship between the parties is "[o]f particular importance" because "[c]ourts are generally reluctant to stay proceedings where the parties are direct competitors." *Vehicle IP, LLC*, 2010 WL 4823393, at *2. Because Mission Abstract is a non-practicing entity, this factor favors a stay.

    15.      In sum, having carefully reviewed all of the foregoing factors, the Court concludes

7

that the competing interests favor a stay. Defendants' motion will be granted.

16. On November 1, 2011, Mission Abstract requested that, if the Court is to enter a stay, Defendants be required to agree to be bound by the PTO findings with respect to all art considered by the PTO and all arguments related to that art. (D.I. 88) Mission Abstract further requested limited discovery, including production of all prior art presently in possession of Defendants, in order to ensure that Mission Abstract may disclose to the PTO all relevant prior art. (*Id.*) Defendants have not responded to Plaintiff's request. Accordingly, this case will be stayed for all purposes other than for Defendants to respond to Plaintiff's request and for the Court to resolve any disputes that may arise with respect to Plaintiff's request.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED:

1. Defendants' Motion to Stay (D.I. 41) is **GRANTED**. This case is **STAYED** for all purposes except to resolve the issue identified in paragraph 2 below.

2. Defendants shall respond, by joint letter not to exceed three pages, to Plaintiff's request for discovery and a further stipulation set out in D.I. 88. Defendants' response is due by November 17, 2011. Plaintiffs may then respond to Defendants' reply, by letter not to exceed two pages, no later than November 18, 2011.

Delaware counsel are reminded of their obligation to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel should advise the Court immediately of any problems regarding compliance with this Order.

November 14, 2011

Honorable Leonard P. Stark
UNITED STATES DISTRICT JUDGE

8